# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PHILIP EUGENE LOWER, )
    #63837 )
                                            )
        Plaintiff, )        3:10-cv-00450-ECR-RAM
                                            )
vs. )
                                            )        **ORDER**
MIKE HALEY, *et al.*, )
                                            )
        Defendants. )
                                            /

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

       Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Northern Nevada Correctional Center ("NNCC"), has sued the State of Nevada as well as Washoe County Sheriff Mike Haley and Washoe County deputy sheriffs Does 1-4. Plaintiff claims that Sheriff Haley knowingly and willingly caused and/or allowed his deputy sheriffs to use excessive force against plaintiff in violation of his Eighth and Fourteenth Amendment rights. Plaintiff alleges the following: on April 2, 2010, he was in the custody of the Washoe County Detention Center being prepared for transport to Nevada State Prison. Deputy sheriffs lined up thirteen inmates in the hallway and ordered them to face the wall. Upon hearing screaming, plaintiff turned his head to look and Doe deputy sheriffs used excessive force to restrain him, including banging his head against the wall and then cement floor, breaking his right hand, kneeling on his lower back and neck, kicking him in the head and neck, and dragging him by his handcuffed wrists and shackled feet to a holding cell. Plaintiff suffered multiple injuries.

First, while plaintiff names the state of Nevada as a defendant, states and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded

by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Accordingly, the claims against the state of Nevada are dismissed with prejudice, and the state of Nevada is dismissed from this action.

Next, the court notes that, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment claim must be dismissed.

Turning to plaintiff's Eighth Amendment claims, that amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (*per curiam*); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323

F.3d at 1184. Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d at 1196. Plaintiff states Eighth Amendment claims for excessive force against the remaining defendants.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint (docket #1-1, Exhibit B).

**IT IS FURTHER ORDERED** that the claims against the State of Nevada are **DISMISSED**. The State of Nevada is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims **MAY PROCEED**.

**IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (docket #2) is **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that plaintiff's motion for emergency discovery (docket #5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for enlargement of time (docket #6) is **DENIED**.

DATED this 4th day of November, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

1
2
3
4 _____
Name
5 _____
Prison Number
6 _____
Address
7 _____
8 _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| 10 _____, )| | Case No. _____ |
|           Plaintiff,       ) | | |
| 11                         ) | | |
| v.                         ) | | **NOTICE OF INTENT TO** |
| 12                         ) | | **PROCEED WITH MEDIATION** |
| _____ ) | | |
| 13                         ) | | |
| _____ ) | | |
| 14      Defendants.        ) | | |
|                            ) | | |

15

16       This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an

17 expedient resolution that is satisfactory to all parties.

18 1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

19 2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

20           _____

21           _____

22           _____

23 3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

24

25           _____

26           _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

   _____

   _____

   _____

   _____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

   _____

   _____

   _____

   _____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document